IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FOLTZ WELDING, LTD.,**

    **Plaintiff,**

v.                                            No. 3:17–cv–1207-DRH-SCW

**JEFFREY LAURITZEN,**

    **Defendant,**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

Now before the Court is Defendant's motion to dismiss (Doc. 13). Defendant moves this Court to dismiss the case because this Court lacks subject matter jurisdiction due to the choice of venue clause in the employment contract between the Plaintiff and Defendant specifying Houston as the location for their mandatory mediation and arbitration. Plaintiff opposes the motion, arguing that the Court has jurisdiction over their complaint (Doc. 19). Based on the record and the applicable case law, the Court **DENIES** Defendant's motion to dismiss.

### II. Standard of Review

Because the arbitration clause in this case calls for arbitration outside the Southern District of Illinois, Rule 12(b)(3) is the appropriate vehicle seeking dismissal of Plaintiff's suit. *Faulkenberg v. CB Tax Franchise Systems, LP*, 637

F.3d 801, 808 (7th Cir. 2011) ("[W]e have held that a Rule 12(b)(3) motion to dismiss for improper venue, rather than a motion to stay or compel arbitration, is the proper procedure to use when the arbitration clause requires arbitration outside the confines of the district court's district."). When ruling on a motion to dismiss of improper venue under Rule 12(b)(3), the Court may look to evidence outside the pleadings. *Id.* at 809-10.

The Federal Arbitration Act (FAA) embodies a federal policy favoring enforcement of arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The relevant language of the FAA provides that an arbitration clause in a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Courts are to uphold and enforce applicable arbitration agreements according to their terms unless they are invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 131 S.Ct. 1740, 1746, 179 L.Ed.2d 742 (2011) (quoting 9 U.S.C. § 2) (internal quotation marks omitted). A court must determine whether the parties are bound by a given arbitration agreement and whether the agreement to arbitrate applies to a particular type of controversy. See *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002). In determining whether parties have agreed to arbitrate, courts apply state contract law. *James v. McDonald's Corp.*, 417 F.3d 672, 677 (7th Cir. 2005). If a valid

agreement to arbitrate exists, the burden is on the party opposing arbitration to show that the claims at issue are not covered the agreement. See *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226–27 (1987). Any doubts concerning the scope of arbitrable issues must be resolved in favor of arbitration, *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012), and a request for arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582–83, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

### III. Analysis

Generally, the FAA governs the arbitration clauses of contracts and holds that said arbitration can only be ordered by a district court sitting in the same district where the arbitration is to take place. The Supreme Court has held that in cases where a plaintiff attempts to compel arbitration outside of the designated district, the correct course of action is to transfer the case to the correct venue rather than dismissing it and having the parties re-file. 28 U.S.C. § 1391(a).

However, this only holds in situations where the parties express clearly that a single location is to be the site of their arbitration rather than situations where the agreement permits multiple locations non-exclusively. The Supreme Court has also stated that parties can opt out of the FAA, provided the state law they choose to operate under does not conflict. See *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 476 (1989).

In this case, the parties clearly chose to operate under the Texas General Arbitration Act (TGAA) as evidenced in the employment agreement and did so in a non-exclusive manner, noting Houston, TX as a candidate location but not a mandatory one. Since the TGAA does not conflict with the FAA, this clear choice must be respected and the mandatory arbitration between the parties is governed by Texas law. The TGAA permits the parties to arbitrate where any court of competent jurisdiction sits. See Texas Alternative Dispute Resolution Act § 154.021. This Court has jurisdiction since both parties are domiciled and the alleged theft of trade secrets occurred within the district.

The Defendant's primary argument for dismissal is based on the theory that the FAA is the controlling law, and as evidenced above, it clearly is not. The employment agreement signed by both parties establishes that Houston, TX is to be the "nonexclusive" location for any and all mediation and arbitration to take place. The governing law chosen by the parties in the employment agreement allows for any court with jurisdiction to order mediation and arbitration and this court has jurisdiction. Based on these facts, it is clear that the correct course of action is to deny the motion to dismiss and order the parties to proceed with the mediation and arbitration in this district as demanded by the employment agreement.

## IV. Conclusion

Therefore, for the foregoing reasons the Court **DENIES** the Defendant's motion to dismiss (Doc. 13), the parties are ordered to arbitrate the dispute in this district and the case is stayed pending resolution of the arbitration.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.29
15:20:20 -06'00'

**UNITED STATES DISTRICT JUDGE**