# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FOLTZ WELDING, LTD.,**

    **Plaintiff,**

**v.**                                                      No. 3:17–cv–1207-DRH-SCW

**JEFFREY LAURITZEN,**

    **Defendant,**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court on plaintiff's motion for preliminary injunction (Doc. 16). Plaintiff Foltz Welding, Ltd., seeks to prevent defendant Jeffrey Lauritzen from disclosing trade secrets to his current employer and to have Defendant Lauritzen make available any computers which may have Foltz Welding trade secrets therein.

On November 2, 2017, plaintiff filed a nine count complaint against Jeffrey Lauritzen seeking injunctive relief, a declaratory judgment, and damages (Doc. 1). Following this, defendant filed a motion to dismiss the case on December 28, 2017 (Doc. 13), which was denied in favor of staying this case until the mediation and arbitration mandated by the employment agreement between the parties can take place (Doc. 24).

Subsequently, on January 2, 2018, plaintiff filed the instant motion for preliminary injunction (Doc. 16). Defendant has responded to this motion by agreeing to the terms set forth by plaintiff, provided the search of the computers is done in the presence of the defendant and his attorney and certain protocols are agreed to.

In order to obtain a preliminary injunction, a plaintiff must show three things: (1) without such relief, he will suffer irreparable harm before his claim is finally resolved; (2) he has no adequate remedy at law; and (3) he has some likelihood of success on the merits. If the plaintiff can do that much, the court must then weigh the harm the plaintiff will suffer without an injunction against the harm the defendant will suffer with one, and in addition, the court must ask whether the preliminary injunction is in the public interest. See *Harlan v. Scholz*, 866 F.3d 754, 758 (7th Cir. 2017).

Given that the defendant filed a response which does not contest the issuance of a preliminary injunction, the motion is **GRANTED** as follows:

1. To the extent that Defendant Jeffrey Lauritzen has access to any of the following, he is precluded from disclosing or using any of Foltz's trade secrets or other proprietary data consisting of bidding strategies, bid files, project estimation files, project pricing files, project cost information, project construction specifications and as-built construction information, pricing strategies, labor or equipment rate sheets, customer lists, profit margins and financial relationships with its

suppliers and customers, sales strategies and competitive bidding strategies.

2. Defendant will permit a computer expert selected by Foltz Ltd., and acceptable to him, to examine his family laptop computer in his presence and the presence of his attorney, under an agreed-upon protocol presented to and approved by the Court, to determine whether there are any other Foltz files and/or e-mails on this laptop computer, other than those identified in his Declaration (Doc. 26-1) and to remove any of Foltz files and/or e-mails from the laptop computer. Defendant will also permit the computer expert to examine his daughter's laptop which she received as a gift at Christmas 2017, if they wish, under the same conditions aforementioned;

3. Defendant will permit the computer expert to examine his iCloud account, as well as any electronic devices (such as computers of any kind and smartphones) to which any of the information or data described fully in paragraph 1 above has been uploaded or transferred to, if any, under the same conditions aforementioned;

4. Defendant will permit the computer expert to examine every data storage device, if any, to which any Foltz business data has been transferred, uploaded, saved or stored, under the same conditions aforementioned.

IT IS SO ORDERED.

Judge Herndon
2018.02.12 10:17:38 -06'00'

UNITED STATES DISTRICT JUDGE